**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS MEDINA,<br><br>                Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | 1:07-cr-65-LJO-1<br><br>**ORDER RE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 35)** |

## I.    INTRODUCTION

Petitioner Carlos Medina ("Petitioner"), a federal prisoner, moves under 28 U.S.C. § 2255 ("§ 2255") to vacate and set aside his sentence of conviction. Doc. 35 at 36. Petitioner claims that his trial counsel in this action rendered ineffective assistance by failing to object to this Court's allegedly incorrect calculation of his criminal history for sentencing purposes. *See id.* at 26-27. For the reasons discussed below, Petitioner's motion is DISMISSED as untimely.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2007, Petitioner pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Doc. 17 at 2. As part of his plea agreement, Petitioner waived his "right to appeal his conviction or any sentence," as well as his "right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under [§ 2255]." *Id.* at 4.

On December 3, 2007, Petitioner was sentenced to 131 months imprisonment to be served consecutively. Doc. 21; Doc. 23 at 2. Judgment of the conviction was entered on December 6, 2007. Doc. 23 at 1. Petitioner did not appeal his sentence. Doc. 35 at 2.

On December 31, 2014, Petitioner filed his § 2255 motion. Doc. 35. Petitioner contends that his trial counsel "was ineffective for failing to correctly calculate [his] sentencing guidelines range and for failing to object to the U.S. Probation Department and the district court's inaccurate calculation of his Criminal History Category." *Id.* at 4.

1

## II.     DISCUSSION

Generally, a federal prisoner who seeks to challenge the legality of his conviction and sentence must rely on a motion to vacate, set aside or correct his sentence pursuant to § 2255. *Marrero v. Ives*, 682 F. 3d 1190, 1192 (9th Cir. 2012). The aim of Petitioner's motion is to challenge the legality of his conviction and sentence. The Court advises Petitioner that a § 2255 motion has a one-year statute of limitations period. This limitation period runs from the latest of:

(1) The date on which the judgment of conviction becomes final;
(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.     28 U.S.C. section 2255

Because Petitioner's conviction and sentence became final on December 6, 2007, Petitioner must demonstrate that the one-year limitations period on the claims for relief asserted in his § 2255 motion has not expired. Petitioner, however, acknowledges that the one-year statute of limitations has expired. *See* Doc. 35 at 21 (Petitioner recognizing that, "[o]rdinarily, a § 2255 motion must be filed within one year from the date that the conviction in question becomes final").

Nonetheless, Petitioner may demonstrate by specific facts that he is entitled to equitable tolling of the one-year limitations period. Petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *United States v. Buckles*, 647 F. 3d 883, 889 (9th Cir. 2011) (citations and quotation marks omitted). The Ninth Circuit has explained that equitable tolling "is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)). "Equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas petition." *United States v. Park*, No. 01-cv-190-LKK-DAD (E.D. Cal. Nov. 12, 2009) (citing *Miles v. Prunty*, 187

F.3d 1104, 1107 (9th Cir. 1999), *adopted*, 2010 WL 148712 (E.D. Cal. Jan. 11, 2010).

Petitioner argues that the waiver provisions of his plea agreement present "circumstances . . . [that] satisf[y] the requirements for equitable tolling." Doc. 35 at 25. Specifically, Petitioner asserts that the waiver provisions of his plea agreement precluded him from timely filing a § 2255 motion because it forecloses any ineffective assistance of counsel claim that he may have. *See id.* at 21-22. Although Petitioner claims that after being sentenced he "[s]ubsequently . . . sought to familiarize himself with the law . . . sought out legal material . . . and also requested help from others versed in matters of the law," *id.* at 20, he provides no facts as to when this occurred. Based on his motion, the Court cannot find that Petitioner "has been pursuing his rights diligently." *Buckles*, 647 F.3d at 889. Petitioner provides no compelling excuse for waiting over seven years from the date of his conviction to file a § 2255 motion.

Moreover, there were not extraordinary circumstances beyond Petitioner's control that made it impossible for him to file a timely § 2255 motion. Even assuming that the waiver provisions of his plea agreement may have made the merits of a § 2255 motion unsuccessful, they did not prevent him from filing a timely § 2255 motion. *See Park*, 2009 WL 3806247, at *4 (a § 2255 petitioner's "failure to understand the legal implications of the facts he discovered . . . clearly does not constitute 'extraordinary circumstances' beyond his control that made it impossible to file his motion within the limitations period"). Accordingly, Petitioner is not entitled to equitable tolling of the one-year statute of limitations applicable to his § 2255 motion, and the motion must be DISMISSED as untimely filed. *See id.* at *5.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, the Court DISMISSES Petitioner's § 2255 motion (Doc. 35) as untimely filed. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253. The Clerk of Court is directed to CLOSE this case and the companion case 14-cv-2095-LJO.

IT IS SO ORDERED.

Dated:   **January 15, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE